Honorable Ray Farabee Chairman Senate Committee on State Affairs Austin, Texas 78711 Honorable Gerald Hill Chairman Committee on Elections House of Representatives Austin, Texas 78711
Re: Constitutionality of C.S.H.B. 889 concerning direct deposit of payroll warrants by magnetic tape transfer service
Dear Senator Farabee and Representative Hill:
You have requested our opinion regarding the constitutionality of House Bill 889, presently pending in the 67th Legislature. The bill would amend article 4344b, V.T.C.S., by adding the following provision:
 Notwithstanding the provisions of any other statute, the Comptroller of Public Accounts may establish and operate an electronic funds transfer system only to transfer employees gross state salaries less deductions specifically authorized by state or federal law or reimbursement for travel and subsistence of employees or [payment?] to state contractual payees to satisfy state contracts directly into their accounts in financial institutions. An employee or state contractual payee must request in writing to participate in any electronic funds transfer system established and operated by the Comptroller of Public Accounts. A single transfer may contain payments to multiple payees without the necessity of issuing individual warrants for each payee. The Comptroller shall establish procedures for administering the system and may use the services of financial institutions, automated clearinghouses and the federal government. The use of electronic funds transfer or any other payment means does not create any rights that would not have been created had an individual state warrant been used as the payment medium. The State Treasurer may not make a payment of a state employee's salary before the last working day of the payroll period.
The state treasurer contends that this proposal, if enacted, would contravene article 4, section 23, and article 3, sections50 and 51 of the Texas Constitution.
In Attorney General Opinion MW-213 (1980), we said that, while existing law permitted the comptroller, at an employee's instruction, to transfer the employee's pay warrant directly to his designated bank, there was no statutory authority for the comptroller to issue to a bank a pay warrant covering multiple employees or to issue warrants solely by means of magnetic tape. House Bill 889 furnishes such authority.
Article 4, section 23 of the Texas Constitution merely establishes the office of state treasurer and directs and he `perform such duties as are or may be required by law.' No duties of the treasurer are specified in the constitution, and, in our opinion, the legislature is at liberty to reasonably determine the scope of his duties. The provision of the bill directing the comptroller to `establish procedures for administering the system' merely makes it his duty to conform the use of electronic `warrants' as nearly as may be possible to the statutory requirements governing the issuance and control of paper warrants. The existing statutes furnish sufficient standards to guide his discretion. The sentence prohibiting the State Treasurer from making a payment of a state employee's salary before the last working day of the payroll period is confirmation that the bill does not attempt to change the traditional role of that constitutional officer. No payment may be made from the treasury except at his direction.
Article 3, section 50 of the constitution prohibits the legislature from lending or pledging the credit of the state for the liability of any individual, corporation or association. Article 3, section 51 prohibits the grant of public funds to an individual, corporation or association. In our view, neither of these provisions is subverted by House Bill 889. See Attorney General Opinions MW-55 (1979); H-74 (1973). Accordingly, it is our opinion that House Bill 889, if enacted, would be upheld as constitutional as against the objections raised.
 SUMMARY
House Bill 889, presently pending in the 67th Legislature, does not contravene article 4, section 23 or article 3, section 50 or51 of the Texas Constitution.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General